IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

QUENTIN DUHART                                                                                  PLAINTIFF

v.                                      No. 4:15CV00247 JLH

LRAA COLLECTIONS                                                                              DEFENDANT

**OPINION AND ORDER**

Quentin Duhart brought this action against Little Rock Ambulance Authority Collections alleging that it violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* and the Arkansas Fair Debt Collection Practices Act, Ark. Code. Ann. § 17-24-101, *et seq.* Duhart claims that LRAA Collections is a debt collector that contacted him after he had an attorney and also contacted a third party about his debt. Little Rock Ambulance Authority Collections has moved for summary judgment on the ground that, as a creditor, it is not subject to the FDCPA or the AFDCPA.

A court should grant summary judgment if the evidence demonstrates that there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56. The moving party bears the initial burden of demonstrating the absence of a genuine dispute for trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S. Ct. 2548, 2553, 91 L. Ed. 2d 265 (1986). If the moving party meets that burden, the nonmoving party must come forward with specific facts that establish a genuine dispute of material fact. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S. Ct. 1348, 1356, 89 L. Ed. 2d 538 (1986); *Torgerson v. City of Rochester*, 643 F.3d 1031, 1042 (8th Cir. 2011) (en banc). A genuine dispute of material fact is presented only if the evidence is sufficient to allow a reasonable jury to return a verdict in favor of the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S. Ct. 2505, 2510, 91 L. Ed. 2d 202 (1986). The court must view the evidence in the light most favorable to the

nonmoving party and must give that party the benefit of all reasonable inferences that can be drawn from the record. *Spencer v. Jackson Cnty. Mo.*, 738 F.3d 907, 911 (8th Cir. 2013). If the nonmoving party fails to present evidence sufficient to establish an essential element of a claim on which that party bears the burden of proof, then the moving party is entitled to judgment as a matter of law. *Pedersen v. Bio-Med. Applications of Minn.*, 775 F.3d 1049, 1053 (8th Cir. 2015).

Duhart has not controverted LRAA Collections' statement of undisputed facts, so pursuant to Local Rule 56.1(c), those facts are deemed admitted.

The Little Rock Ambulance Authority is a unit of the City of Little Rock, Arkansas, that does business as Metropolitan Emergency Medical Services (MEMS). It provides emergency medical ambulance services in the greater Little Rock area. The Little Rock Ambulance Authority Collections is the in-house collections department for LRAA. On November 22, 2013, LRAA provided services to Duhart. LRAA sent Duhart invoices for its services and the collection department sent pre-collection letters to him. Duhart has not paid LRAA for the services.

LRAA is attempting to collect from Duhart a debt that he is obligated to pay to LRAA for the services provided. LRAA is not attempting to collect from Duhart any debt that he owes to another person or entity. The pre-collection letters sent to Duhart identify LRAA Collections on the top of the correspondence and identify Metropolitan Emergency Medical Services as d/b/a MEMS underneath LRAA Collections. The logo on the pre-collections letters is the same logo used by LRAA on its invoices. The address identified on the pre-collections letters is the same address used by LRAA on its invoices.

The FDCPA and the AFDCPA apply to debt collectors but not to creditors. 15 U.S.C. § 1692c; Ark. Code Ann. § 17-24-504; *Schmitt v. FMA Alliance*, 398 F.3d 995, 998 (8th Cir. 2005).

As defined in the FDCPA, a creditor "means any person who offers or extends credit creating a debt or to whom a debt is owed." 15 U.S.C. § 1692a(4). A debt collector:

> means any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another. . . . the term includes any creditor who, in the process of collecting his own debts, uses any name other than his own which would indicate that a third person is collecting or attempting to collect such debts.

15 U.S.C. § 1692a(6). *Cf.* Ark. Code Ann. § 17-24-101 (defining "collection agency" in terms substantially similar to the definition of "debt collector" in 15 U.S.C. § 1692a(6)). The non-binding commentary to the FDCPA from the Federal Trade Commission states that "[a] creditor may not use any name that would falsely imply that a third party is involved in the collection. The in-house collection unit of 'ABC Corp.' may use the name 'ABC Collection Division,' but not the name 'XYZ Collection Agency' or some other unrelated name." FTC, Staff Commentary on the Fair Debt Collection Practices Act, Statements of General Policy or Interpretation, 53 Fed. Reg. 50,097 (Dec. 13, 1988).

Duhart argues that LRAA is using its own internal collections agency but under a name different from its own, and therefore it is a debt collector rather than a creditor. Document #16 at 2-3. Little Rock Ambulance Authority d/b/a Metropolitan Emergency Medical Services provided services to Duhart. Its internal collections department is named Little Rock Ambulance Authority Collections. The collection letters have a bold heading of LRAA Collections and underneath is d/b/a (MEMS) in smaller but legible and obvious print. Duhart argues that LRAA Collections is a different name than LRAA d/b/a Metropolitan Emergency Medical Services. Although this is true, it is not so different that it would cause a debtor to believe a third party is trying to collect. The facts here are similar to the example provided in the FTC commentary cited above.

Duhart cites *Cox v. Huntsman*, where the creditor was named Lester E. Cox Medical Center and the internal collections was named Ozark Professional Collections. 408 F.3d 989, 993 (8th Cir. 2005). There, the district court found that Cox used a false and misleading name to collect debts. On appeal Cox acknowledged it was a debt collector. *Id.* at 992. Unlike that case, LRAA used the name "LRAA Collections," not a completely different name. That case does not support finding that LRAA is a debt collector.

## CONCLUSION

The undisputed facts show that LRAA Collections is a creditor and, therefore, the motion for summary judgment is GRANTED. Document #12.

IT IS SO ORDERED this 14th day of September, 2015.

_____
J. LEON HOLMES
UNITED STATES DISTRICT JUDGE